**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Frank Addvensky,          ) | No. CV 11-0283-PHX-JAT |
|                           ) |  |
|   Plaintiff,              ) | **ORDER** |
|                           ) |  |
| vs.                       ) |  |
|                           ) |  |
| Dysart Unified School District # 89, ) |  |
|                           ) |  |
|   Defendant.              ) |  |
|                           ) |  |

Pending before the Court is Defendant Dystart Unified School District's Motion to Dismiss the Complaint (Dkt. 5). Plaintiff Frank Addvensky filed a response in opposition to the Motion to Dismiss (Dkt. 6), and Defendant filed a reply (Dkt. 7). For the reasons that follow, the Court will grant the Motion to Dismiss.

**I.    BACKGROUND**

According to the allegations in the Complaint, Plaintiff relocated from South Carolina to Arizona when he was hired by Defendant to work for the El Mirage Elementary School District ("El Mirage"). (Dkt. 1-1, ¶¶ 10, 13.) Defendant assigned Plaintiff to teach computers (*id.* ¶ 15), even though it was Plaintiff's understanding that he had been hired as a library media specialist (*id.* ¶¶ 4–5, 13).

Plaintiff informed administrators at El Mirage that he did not know how to teach computers, and that he considered it illegal for him to teach computers without an

endorsement. Plaintiff was instructed to do his job. (*Id.* ¶¶17–19.) On October 2, 2009, Plaintiff had a conversation with the principal of El Mirage about his future employment. (*Id.* ¶ 20.) Plaintiff alleges that he was compelled to resign from his position with El Mirage (*id.* ¶ 23), and a result has suffered damages.

The South Carolina Employment Security Commission approved Plaintiff's application for unemployment benefits on December 22, 2009, and found that Plaintiff left his employment for good cause, because his employment had been misrepresented. (*Id.* ¶ 25.)

On January 24, 2011, Plaintiff filed an action against Defendant in Maricopa County Superior Court. (Dkt. 1-1.) The Complaint sets forth causes of action for fraudulent misrepresentation and fraud (*id.* ¶ 27), breach of contract (*id.* ¶ 28), age discrimination[1] (*id.* ¶ 29), violation of the Arizona Employment Protection Act (*id.* ¶ 30), breach of the covenant of good faith and fair dealing (*id.* ¶ 31), and promissory estoppel (*id.* ¶ 32). Defendant removed the state court action to federal court, based on the existence of federal question jurisdiction over Plaintiff's federal age discrimination claim, pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the related state law claims, pursuant to 28 U.S.C. § 1367.

Defendant subsequently filed the pending Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and attached, as exhibits to the Motion to Dismiss, the El Mirage teacher employment contract, executed by Plaintiff and the president of the El Mirage School Board (Dkt. 5-1, Ex. A),[2] and the minutes from the public meeting

---

[1] Plaintiff, in his response to the Motion to Dismiss, has withdrawn his federal age discrimination claim, because it is barred by the statute of limitations. (Dkt. 6 at p. 2.)

[2] The Court's consideration of the employment contract does not convert the Motion to Dismiss to a motion for summary judgment. The employment contract is not "outside" the Complaint, because the Complaint relies on the employment contract with respect to several of Plaintiff's claims (Dkt. 1-1, ¶¶ 27, 28 & 31), and its authenticity is not in question by either party. *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001); *Townsend v. Columbia Operations*, 667 F.2d 844, 848 (9th Cir. 1982).

- 2 -

1 of the El Mirage School Board reflecting the resignation of Plaintiff (Dkt. 5-1, Ex. B).[3]

2 The employment contract, dated August 6, 2009, describes Plaintiff as the "Certificated Employee" and provides that "Certificated Employee agrees to perform such duties as are enumerated in the job description for Certificated Employee or as the Governing Board, Superintendent, Principal or designee may assign." (Dkt. 5-1, ¶ 1.) There is no mention of "librarian" in the employment contract. The "job description" referred to in both the employment contract and Plaintiff's response to the Motion to Dismiss is not before the Court, so the Court cannot consider it.

According to the October 7, 2009 minutes of the regular board meeting conducted by the El Mirage School Board, Plaintiff's resignation from his employment with El Mirage for "mutually agreed" reasons was accepted and made effective on October 8, 2009. (Dkt. 5-2, Ex. B.)

## II. LEGAL STANDARD

Defendant has moved to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

---

[3] The minutes of a meeting of a public body in Arizona are made available to the public. *See* A.R.S. §§ 38-431.01; 39-121.01. The Court can take judicial notice of matters of public record without converting the Motion to Dismiss to a motion for summary judgment. *See Lee*, 250 F.3d at 689; *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

- 3 -

will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than blanket assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan*, 478 U.S. at 286.

**III.   ANALYSIS**

    **A.   Statute of Limitations Issues**

"[T]he statute of limitations defense . . . may be raised by a motion to dismiss . . . [i]f the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). However, even if the relevant dates alleged in the complaint are beyond the statutory period, the "complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998)

1  (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).
2  "Dismissal on statute of limitations grounds can be granted pursuant to [Rule] 12(b)(6) 'only
3  if the assertions of the complaint, read with the required liberality, would not permit the
4  plaintiff to prove that the statute was tolled.'" *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th
5  Cir. 1999) (quoting *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991)).

6        In Arizona, any state law claims against a school district must be brought within one
7  year after the claim accrues. A.R.S. § 12-821 ("All actions against any public entity or
8  public employee shall be brought within one year after the cause of action accrues and not
9  afterward."). Plaintiff does not dispute that the one-year statute of limitations set forth in
10 section 12-821 applies to Plaintiff's state law claims.

11       The Complaint alleges that on December 22, 2009, the South Carolina Employment
12 Security Commission approved Plaintiff's application for unemployment benefits and found
13 that Plaintiff's resignation "was for good cause because his employment had been
14 misrepresented." (Dkt. 1-1, ¶ 25.) Therefore, at the latest, Plaintiff's state law claims
15 accrued on December 22, 2009, when Plaintiff knew or should have known his cause of
16 action existed based on the South Carolina Employment Security Commission's alleged
17 findings. The Complaint was filed on January 24, 2011, which is outside the one-year statute
18 of limitations. Therefore, Plaintiff's claims are untimely, unless equitably tolled.

19       In his response, Plaintiff argues that pursuant to Rule 66(d) of the Rules of Civil
20 Procedure for the Superior Courts of Arizona (the "Arizona Rules"), the Complaint is timely,
21 because a conservator was appointed to handle the affairs of Plaintiff's original counsel, and
22 the Complaint was filed within 30 days after Plaintiff's current (substitute) counsel received
23 Plaintiff's file. According to Plaintiff's response, Plaintiff's original counsel was placed on
24 interim suspension by the Arizona Supreme Court, and, pursuant to an application by the
25 State Bar of Arizona, a conservator was appointed to oversee the original counsel's affairs,
26 including Plaintiff's case. As a result of the original counsel's suspension, Plaintiff's current
27 counsel was appointed.

28       Defendant, in its reply, does not argue that Arizona Rule 66(d) does not permit tolling

- 5 -

1 the statute of limitations in the manner described by Plaintiff. Instead, Defendant argues that
2 Plaintiff's response requires the Court to look beyond the Complaint, which is improper in
3 a Rule 12(b)(6) motion to dismiss, and, regardless, the information provided in Plaintiff's
4 response is incomplete. The Court agrees. Plaintiff raises this equitable tolling argument and
5 the related facts for the first time in his response. The Complaint is devoid of any assertions
6 related to the suspension and conservatorship. Further, Plaintiff's response fails to attach
7 evidence that an application for appointment of conservator was in fact granted, and that
8 Plaintiff's current counsel did in fact file the Complaint within 30 days of receiving
9 Plaintiff's file. Plaintiff improvidently asks the Court to trust Plaintiff that Arizona Rule
10 66(b) correctly applies. (Dkt. 6 at p. 2.) The Court will not toll the statute of limitations
11 based on the unsubstantiated facts presented in Plaintiff's response.

12 Therefore, the Court finds that Plaintiff's state law claims are barred by the statute of
13 limitations. The assertions of the Complaint do not permit Plaintiff to prove that the one-year
14 statute of limitations was tolled. *See TwoRivers*, 174 F.3d at 991. Even though dismissal of
15 the state law claims is appropriate on statute of limitations grounds, the Court finds that
16 Plaintiff may be able to cure this deficiency upon amendment of the Complaint. However,
17 as discussed below, aside from the untimely filing of the Complaint, each of Plaintiff's
18 claims is subject to dismissal for failure state a claim upon which relief can be granted.

### B.    Count One – Fraudulent Misrepresentation, Fraud

In order to prevail on a fraud claim under Arizona law, Plaintiff must show:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury.

*Echols v. Beauty Built Homes*, 647 P.2d 629, 631 (Ariz. 1982); *see Haisch v. Allstate Ins. Co.*, 5 P.3d 940, 944 (Ariz. App. 2000) (citing *Echols*).

- 6 -

Rule 9(b) of the Federal Rules of Civil Procedure governs the pleading standard.[4] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED.R.CIV.P. 9(b). Rule 9(b) requires allegations of fraud to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

Pursuant to Rule 9(b), in order for a complaint to allege fraud with the requisite particularity, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (quoting *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)).

Defendant argues that Plaintiff did not plead fraud with the requisite particularity under Rule 9(b). Specifically, Defendant argues that Plaintiff does not specify the "who, what, when, where, and how" of the allegedly fraudulent misrepresentations by setting forth any particular date, time, or location of such fraud. Plaintiff does not respond to this aspect of Defendant's argument. Instead, Plaintiff states in a conclusory manner that Plaintiff has

---

[4] The Court notes that Plaintiff's fraud claim also fails under the pleading standard of Rule 9(b) of the Arizona Rules of Civil Procedure, which is nearly identical to Rule 9(b) of the Federal Rules of Civil Procedure. *Compare* ARIZ.R.CIV.P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.") *with* FED.R.CIV.P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."); *see Anserv Ins. Servs., Inc. v. Albrecht*, 960 P.2d 1159, 1160 (Ariz. 1998).

- 7 -

1 pled specific facts. Plaintiff then appears to argue that the employment contract was the
2 fraud.

3 The Court finds that the Complaint does not contain a representation that forms the
4 basis for the fraud claim, nor any explanation as to what about the employment contract was
5 false or misleading. Assuming, as Plaintiff appears to, that the employment contract contains
6 the fraudulent misrepresentation, the employment contract does not state that Plaintiff was
7 hired to perform library duties. As quoted in the background section of this Order, the
8 employment contract states that Plaintiff is to perform duties enumerated by the El Mirage
9 administration. These duties could include library services and/or computer classes;
10 however, the employment contract is nonspecific. Contrary to Plaintiff's position, the
11 employment contract does not contain any false or misleading statements "that Plaintiff was
12 to be employed as a librarian to induce Plaintiff to accept position in Phoenix" (Dkt. 1-1, ¶
13 27). And, Plaintiff does not cite to any provision of the employment contract that is
14 misleading.

15 If there are other false or misleading statements that form the basis of Plaintiff's claim
16 for fraud and fraudulent misrepresentation, then the Complaint fails to contain such
17 averments. If an administrator or school board member made false or misleading statements
18 to Plaintiff, then Plaintiff must set forth in the Complaint the statement, and what about that
19 statement was false or misleading. Generic reference to nonspecific misrepresentations by
20 "Defendants" at-large is not particular enough to satisfy Rule 9(b). Therefore, dismissal of
21 Count One pursuant to Rule 12(b)(6) is appropriate.

22 In the event that Plaintiff amends his complaint in accordance with this Order,
23 Plaintiff is reminded that generic reference to "a contract stating that Plaintiff was to be
24 employed as a librarian" (Dkt. 1-1, ¶ 27) is insufficient to support a claim for fraud. As the
25 Court has already noted, the employment contract entered into by Plaintiff and El Mirage did
26 not state that Plaintiff was to be employed as a librarian. If Plaintiff reasserts a claim for
27 fraud, then Plaintiff is advised to take heed of the deficiencies noted in Defendant's Motion
28 to Dismiss, and to plead fraud in a manner that meets the particularity requirement in Rule

- 8 -

1  9(b).

2  **C.  Count Two – Breach of Contract**

3  Plaintiff claims that "the different job assignment and the refusal to employee [sic] 4 Plaintiff as a librarian as offered constitutes a breach of contract for employment." (Dkt. 1-1, 5 ¶ 28.) As an initial matter, Plaintiff has not even pled the existence of a valid and 6 enforceable contract. The Complaint states that "Plaintiff received an employment contract 7 via email three days before school started" (Dkt. 1-1, ¶ 7), but the Complaint does not state 8 that the parties executed or entered into this contract. Based on the parties' briefs, the Court 9 assumes for purposes of this Order that the contract that is the subject of Plaintiff's breach 10 of contract claim is the employment contract attached to the Motion to Dismiss.

11 Defendant argues that even if Plaintiff's claim is actionable in Arizona, the 12 employment contract expressly provided that Plaintiff "agrees to perform such duties as are 13 enumerated in the job description for Certificated Employee or as the Governing Board, 14 Superintendent, Principal or designee may assign." (Dkt. 5-1, ¶ 1.) As noted throughout this 15 Order, the employment contract did not contain the term "librarian" or describe with any 16 specificity the duties that Plaintiff was hired to perform. Therefore, the Court finds that 17 Plaintiff has failed to state a claim for breach of an allegedly agreed-upon job assignment, 18 because the employment contract does not contain a specific job assignment, and Plaintiff 19 has not pled the existence of any other agreement or documentation concerning Plaintiff's 20 job assignment.

21 Plaintiff argues that the "job description" and "job assignment" were not included in 22 the employment contract, and therefore extrinsic evidence must be considered in interpreting 23 the contract. However, Plaintiff has not pled any facts in the Complaint regarding the 24 existence of a "job description" or "job assignment." Further, Plaintiff does not even identify 25 the existence of a specific "job description" or "job assignment" in his response to the 26 Motion to Dismiss. Therefore, based on the employment contract and the allegations in the 27 Complaint, the Court finds that dismissal pursuant to Rule 12(b)(6) is appropriate. The 28 Complaint fails to establish that a breach of contract claim is facially plausible.

If Plaintiff amends his complaint, then Plaintiff is advised to identify the contract that has allegedly been breached, and the relevant terms of the contract that serve as the basis for a breach of contract claim, and how Plaintiff was damaged by the breach. *See Echanove v. Allstate Ins. Co.*, __ F. Supp. 2d __, 2010 WL 4829748 (D. Ariz. Nov. 23, 2010) ("To prove their claim for breach of contract, plaintiffs must prove: (1) the existence of a valid and enforceable contract; (2) a breach by defendant; and (3) the resulting damage to plaintiffs.").

### D.     Count Three – Federal Age Discrimination

Plaintiff concedes that his federal age discrimination claim, under 29 U.S.C. §§ 620 *et seq.*, is barred by the statute of limitations, and withdraws his claim. (Dkt. 6 at p. 2.) Accordingly, the Court will consider this claim dismissed with prejudice. In the event that Plaintiff files an amended complaint, then this claim cannot be re-alleged.

### E.     Count Four – Arizona Employment Protection Act

The Arizona Employment Protection Act provides that an employee has a claim against an employer in the event that the employer terminates the employment relationship in retaliation for the employee's disclosure of information that the employer is violating the Arizona Constitution or statutes. A.R.S. § 23-1501(3)(c)(ii).

As Defendant points out in the Motion to Dismiss, an employee has a claim under the Arizona Employment Protection Act only if the employee's employment was *terminated*. Plaintiff's employment with El Mirage was not terminated by Defendant. The Complaint avers that "Plaintiff was compelled to resign from his position." (Dkt. 1-1, ¶ 23.) As the minutes from the School Board Meeting also reflect, Plaintiff resigned from his teaching position. (Dkt. 5-2, Ex. B.) Plaintiff does not argue, in his response, that Plaintiff's employment was terminated by Defendant. Instead, Plaintiff appears to put forth a constructive termination argument that is wholly absent from the Complaint.

Because Plaintiff has not alleged in the Complaint that he was terminated from his employment, the Court will dismiss Count Four. If Plaintiff files an amended complaint, then Plaintiff is advised to consider whether he can accurately plead the elements of a claim under the Arizona Employment Protection Act, A.R.S. § 23-1501.

**F.     Count Five – Breach of the Covenant of Good Faith and Fair Dealing**

Plaintiff alleges that Defendant's conduct "constitutes a breach of Defendant's implied-in-law and express covenant of good faith and fair dealing, justifying the imposition of . . . compensatory, consequential, punitive, and exemplary damages." (Dkt. 1-1, ¶ 31.) However, Defendant argues that Plaintiff cannot state a claim in contract, because he has not alleged any contract damages, and Plaintiff cannot state a claim in tort, because he failed to plead the existence of a special relationship. (Dkt. 7 at p. 4.)

"Arizona law implies a covenant of good faith and fair dealings in every contract," which "prohibits a party from doing anything to prevent other parties to the contract from receiving the benefits and entitlements of the agreement." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 28 (Ariz. 2002). The covenant can be breached, even if the express terms of the contract are not breached, when an injury arises from one party abusing their superior bargaining power. *Id.* at 29.

Action for breach of the covenant may sound in contract or in tort, but sustaining a tort claim requires the plaintiff to allege and prove a "special relationship between the parties arising from elements of the public interest, adhesion, of fiduciary responsibility." *Id.* If Plaintiff attempts to make a claim in tort, which Plaintiff appears to argue he did not,[5] then Plaintiff's claim fails, because Plaintiff does not allege the necessary "special relationship" to support a claim for breach of the implied covenant in tort.

With respect to a claim for breach of the covenant in contract, Plaintiff neither alleges that Defendant has superior bargaining power and has abused it, nor alleges facts from which that could be inferred. Therefore, Plaintiff can recover for breach of the implied covenant only if the express terms of the contract have been breached. As set forth above, Plaintiff's

---

[5] Plaintiff, in his response, argues that Plaintiff asked the Court "to award him compensation for his past and future earnings." (Dkt. 6 at p. 6.) However, Plaintiff does not make any allegations in the Complaint regarding Defendant's failure to compensate Plaintiff pursuant to the terms of the employment contract.

- 11 -

1 claim for breach of contract does not survive the Motion to Dismiss, because the employment 2 contract did not require Plaintiff to be employed as a librarian. Accordingly, the Complaint 3 fails to state a claim on the contract for breach of the implied covenant.

4 Since Plaintiff has failed to plead a claim in either tort or contract for breach of the 5 employment contract's implied covenant of good faith and fair dealing, this claim will be 6 dismissed.

### G. Count Six – Promissory Estoppel

8 Plaintiff alleges that the conduct described in the Complaint "constitutes a breach of 9 a promise that [P]laintiff would be performing the duties of a librarian." (Dkt. 1-1, ¶ 32.) 10 Defendant argues that because Plaintiff's employment relationship with El Mirage was 11 governed by a written agreement, a cause of action for promissory estoppel does not exist. 12 Plaintiff argues that it was not obvious from the employment contract that Plaintiff would be 13 required to teach any certified position that was available, and, regardless, the existence of 14 a written agreement does not automatically bar a claim for promissory estoppel.

15 Arizona has adopted the theory of promissory estoppel set forth in the Restatement 16 (Second) of Contracts § 90(1) (1981). *Chewning v. Palmer*, 650 P.2d 438, 440 (Ariz. 1982). 17 Promissory estoppel "is a proper claim for relief as an alternative to [a] contract claim." 18 *AROK Const. Co. v. Indian Const. Servs.*, 848 P.2d 870, 878 (Ariz. App. 1993). However, 19 the remedy of promissory estoppel is only available in the absence of a contractual remedy. 20 *Johnson Int'l, Inc. v. City of Phoenix*, 967 P.2d 607, 615 (Ariz. App. 1998). "To state a claim 21 for promissory estoppel, the plaintiff must allege that a promise was made." *Id.* (citing *Mac* 22 *Enter., Inc. v. Del E. Webb Dev. Co.*, 645 P.2d 1245, 1250 (Ariz. App. 1982)). Plaintiff has 23 failed to plead that Defendant promised to hire Plaintiff exclusively as a librarian. Plaintiff 24 alleges that he relied on Defendant's representations, communications, and paychecks as the 25 basis for his promissory estoppel claim. However, Plaintiff does not allege that a promise 26 was made on which to base his purported reliance.

27 The employment contract does not support a claim for promissory estoppel, because 28 the employment contract required Plaintiff to perform such duties as enumerated in the job

1 description or as El Mirage administrators assigned to Plaintiff.  (Dkt. 5-1, Ex. A, ¶ 1.)
2 Contrary to Plaintiff's response, and in the absence of any allegations in the Complaint
3 concerning the existence of a "job description," there is no limitation in the employment
4 contract on the nature of those duties Plaintiff was hired to perform.  The employment
5 contract cannot, by itself, be a promise that Plaintiff would be hired as a librarian, because
6 the clear language of the employment contract precludes such an interpretation.  *Johnson*
7 *Int'l*, 967 P.2d at 615.

8 Because the Complaint does not allege a promise on which Plaintiff relied for
9 purposes of the promissory estoppel claim, the Court will dismiss Count Six of the Complaint
10 without prejudice.  If Plaintiff amends his complaint to reassert this claim, then Plaintiff is
11 advised to address the deficiencies set forth in this Order.

12 **IV.    LEAVE TO AMEND**

13 For the reasons set forth above, the Court will grant Defendant's Motion to Dismiss
14 without prejudice. Plaintiff has requested leave to amend the Complaint to comply with Rule
15 9(b).  (Dkt. 6 at p. 5.)  There is a "longstanding rule that '[l]eave to amend should be granted
16 if it appears at all possible that the plaintiff can correct the defect.'" *Lopez v. Smith*, 203 F.3d
17 1122, 1129 (9th Cir. 2000) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701
18 (9th Cir. 1990)).

19 In this case, the Court cannot say that *some* of the deficiencies in Plaintiffs' Complaint
20 could not be cured by amendment; therefore, the Court will permit Plaintiff to amend the
21 Complaint once as a matter of course.  *Bly-Magee*, 236 F.3d at 1019 (when dismissing for
22 failure to comply with Rule 9(b), "leave to amend should be granted unless the district court
23 determines that the pleading could not possibly be cured by the allegation of other facts.").
24 However, Plaintiff should seriously consider the issues raised by Defendant in the Motion
25 to Dismiss, and the deficiencies noted by the Court in this Order.

26 **V.    REMAND TO STATE COURT**

27 Because Plaintiff has withdrawn his federal age discrimination claim (Dkt. 6 at p. 2),
28 the only remaining claims before the Court are state law claims.  As noted above, this action

was removed on federal question jurisdiction predicated on the federal age discrimination claim. A District Court may refuse to exercise supplemental jurisdiction over state law claims once all the federal claims are dismissed. *Brown v. Lucky Stores*, 246 F.3d 1182, 1189 (9th Cir. 2001); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, __ U.S. __, 129 S. Ct. 1862, 1867 (2009). On May 10, 2011, Plaintiff filed a Motion to Remand Action to State Court on the basis of Plaintiff's voluntary withdrawal of his federal claim. (Dkt. 9.) The Court is inclined to remand this matter to the state court, unless Plaintiff alleges new federal claims in an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Dkt. 5) is **GRANTED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint to cure the deficiencies identified herein within 21 days from the date of this Order. In the event Plaintiff does not file an amended complaint, the pending Motion to Remand Action to State Court (Dkt. 9) will be deemed moot and denied as moot.

**IT IS FURTHER ORDERED** that in the event Plaintiff files an amended complaint, Defendant shall respond to the Motion to Remand Action to State Court (Dkt. 9) within 10 days from the filing of the amended complaint.

DATED this 17th day of May, 2011.

*James A. Teilborg*
United States District Judge

- 14 -